SCOTT YOUNG (10695)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
Facsimile: (801) 363-0400
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH - NORTHERN DIVISION

| | |
|---|---|
| DAVID JAMES,<br><br>      Plaintiff,<br><br>vs.<br><br>JACOB CARLEY, TIMOTHY ALBERT RAMIREZ, DUSTIN BATT, DANIEL MAJOR, AND JOHN DOES 1-10,<br><br>      Defendants. | **DEFENDANTS' ANSWER AND JURY DEMAND**<br><br>Case No. 1:22-cv-00060<br><br>Magistrate Judge Jared C. Bennett |

Defendants Jacob Carley, Timothy Albert Ramirez, Dustin Batt, and Daniel Major (collectively "Defendants") answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendants admit and deny the allegations in Plaintiff's Complaint as follows:

1. Admit the allegations in Paragraphs 1-4.

2. Deny the allegations in Paragraph 5 for lack of information or belief.

3. Admit the allegations in Paragraphs 6-9.

4. Deny the allegations in Paragraph 10.

5. Deny the allegations in Paragraph 11 because it does not specify the "relevant times" referred to.

6. Admit the allegations in Paragraph 12.

7. Admit the allegation in Paragraph 13 that Carley interviewed Mr. Hendricks about the alleged incident and then indicated he would investigate the incident. Deny all other allegations in this paragraph for lack of information or belief.

8. Admit the allegation in Paragraph 14 that Defendant Carley went to Plaintiff's residence. Deny all other allegations in this paragraph for lack of information or belief.

9. Deny the allegations in Paragraphs 15-19.

10. Admit the allegation in Paragraph 20 that Defendant Carley read Plaintiff his Miranda rights. Deny all other allegations in this paragraph.

11. Deny the allegations Paragraphs 21-22.

12. Admit the allegations in Paragraph 23 that Plaintiff was transported to the Cache County Jail. Deny all other allegations in this paragraph.

13. Deny the allegations in Paragraph 24. On February 28, 2019, following a preliminary hearing, the district court found there was sufficient evidence to meet the probable cause standard and bound Plaintiff over. On September 3, 2019, Plaintiff changed his plea from Not Guilty to Guilty and entered into a diversion agreement. The case was only dismissed with prejudice when Plaintiff satisfied the terms of the diversion agreement.

14. Deny the allegations in Paragraphs 25-26 for lack of information or belief.

15. Admit the allegation in Paragraph 27 that Officer Ramirez prepared an Affidavit for Search Warrant and that Plaintiff correctly recited portions of the affidavit. Deny all other allegations in this paragraph.

16. Deny the allegations in Paragraphs 28-29.

17. Admit the allegation in Paragraph 30 that Officers Ramirez and Batt executed a search warrant at Plaintiff's residence on or about October 5, 2018. Deny all other allegations in this paragraph.

18. Admit the allegation in Paragraph 31 that Plaintiff told the officers a particular handgun was used in the incident. Deny that Defendants were required to rely upon Plaintiff's representations. Deny all other allegations in this paragraph.

19. Deny the allegations in Paragraphs 32-34.

20. Paragraph 35 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

21. Deny the allegations in Paragraphs 36-39.

22. Paragraph 40 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

23. Deny the allegations in Paragraphs 41-44.

24. Paragraph 45 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

25. Deny the allegations in Paragraphs 46-48.

26. Paragraph 49 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

27. Deny the allegations in Paragraphs 50-53.

28.     Paragraph 54 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

29.     Deny the allegations in Paragraphs 55-57.

30.     Paragraph 58 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

31.     Deny the allegations in Paragraphs 59-62.

32.     Paragraph 63 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

33.     Deny the allegations in Paragraphs 64-67.

34.     Deny that Plaintiff is entitled to the relief requested in his Request for Relief.

35.     Deny any and all allegations in Plaintiff's Complaint not expressly admitted herein.

### THIRD DEFENSE

Defendants are entitled to qualified immunity because their actions were objectively reasonable and did not violate any of Plaintiff's clearly-established, particularized, constitutional, statutory, or common-law rights or privileges.

### FOURTH DEFENSE

Any act of Defendants was undertaken in good faith, without malice, with probable cause, and was fully justified and reasonable under the circumstances.

### FIFTH DEFENSE

Plaintiff's damages, if any, were caused by an independent intervening or superseding cause.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches and/or unclean hands, waiver, estoppel, res judicata, collateral estoppel, claim preclusion, issue preclusion, consent, acquiescence, ratification, and release.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants' actions were not pursuant to any unconstitutional policy, custom, usage, rule or regulation.

## EIGHTH DEFENSE

Defendants cannot be held liable under 42 U.S.C. § 1983 based on supervisory liability.

## NINTH DEFENSE

Defendants are not liable under the doctrine of *respondeat superior* or any other theory of derivative liability.

## TENTH DEFENSE

Any constitutional violation that allegedly occurred was not the result of supervisory or training policy that was deliberately indifferent to the Constitutional rights of Plaintiff.

## ELEVENTH DEFENSE

Defendants properly discharged any duties to train and/or supervise.

## TWELFTH DEFENSE

Plaintiff is barred from recovery to the extent that he has failed to reasonably mitigate his damages.

## THIRTEENTH DEFENSE

Plaintiff is barred from recovery by the district court's ruling at the preliminary hearing that probable cause existed to bind over Plaintiff for the charge of violation of U.C.A. § 76-10-506.

## FOURTEENTH DEFENSE

Plaintiff is barred from recovery by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, because the guilty plea he entered in the underlying criminal case has not been overturned.

## FIFTEENTH DEFENSE

Defendants expressly reserve the right to amend their answer to add additional affirmative defenses.

WHEREFORE, having fully responded to the allegations in the Complaint, Defendants request that the Court dismiss Plaintiff's Complaint, that the Plaintiff take nothing thereby, and that the Court order Plaintiff to pay Defendants' costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

## JURY DEMAND

Defendants respectfully request a jury trial and have submitted the appropriate fee.

DATED this 20th day of April, 2022.

**SNOW CHRISTENSEN & MARTINEAU**

 */s/ Scott Young*
Scott Young
*Attorneys for Defendants*